UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **RAYMOND RAMIREZ,** | § | |
| | § | |
| Petitioner, | § | |
| | § | **CRIMINAL ACTION NO. V-00-24** |
| v. | § | |
| | § | **CIVIL ACTION NO. V-05-74** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM AND ORDER

Pending before the Court is Petitioner Raymond Ramirez's ("Ramirez") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 50.) For the reasons set forth herein, Ramirez's § 2255 motion is denied.

### Factual and Procedural History

On March 31, 2000, an indictment was filed against Ramirez charging him with four counts of distributing cocaine base, also known as crack cocaine, a Schedule II controlled substance. (Dkt. No. 1.) In return for a plea of guilty to two counts of the charge, the Government agreed to move to dismiss the two remaining counts. (Dkt. No. 24.) On July 17, 2000, Ramirez pleaded guilty to the distribution of 8.10 grams total of cocaine base. (Dkt. No. 23.)

Ramirez's sentencing hearing was held on October 16, 2000. (Dkt. No. 31.) Under the plea agreement, the parties were permitted to introduce relevant conduct evidence relating to Ramirez's alleged drug trafficking activity following his release from the Bureau of Prisons for his prior conviction in *United States v. Ramirez*, No. 6:98-cr-06 (S.D. Tex. Feb.19, 1999). (Dkt. No. 24.) The Court enhanced Ramirez's sentence based on relevant conduct, finding that he should be held responsible for approximately 70 grams of cocaine base. (Dkt. No. 45.) Ramirez was sentenced to

168 months imprisonment,[1] a five-year term of supervised release, a fine of $5000 and a special assessment of $200. (Dkt. No. 31.) The Court issued judgment on October 20, 2000. (Dkt. No. 35.)

On October 22, 2000, Ramirez filed a notice of appeal. (Dkt. No. 36.) The Fifth Circuit affirmed his conviction on October 25, 2001, (Dkt. No. 48,) and his conviction became final on January 23, 2002. *See United States v. Clay*, 537 U.S. 522, 525 (2003) (a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction). Ramirez filed the pending motion on June 24, 2005. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a pro se prisoner's habeas petition is filed when he delivers the papers to prison authorities for mailing); (Dkt. No. 50.).

**Limitations**

A motion filed under Section 2255 must be filed within one year of the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.


28 U.S.C. § 2255.

Ramirez did not file the present motion until more than three years after his conviction

---

[1] On June 24, 2008, the Court reduced Ramirez's sentence from 168 months to 144 months pursuant to 18 U.S.C. § 3582(c)(2), based on the amended crack cocaine guidelines. (Dkt. No. 61.)

became final. Nothing in Ramirez's motion supports extending the starting point beyond the date the judgment became final.

### Discussion

Ramirez contends that the sentence imposed by the Court is unconstitutional in light of *United States v. Booker*, 543 U.S. 220 (2005), and *Crawford v. Washington*, 541 U.S. 36 (2004). Notwithstanding the time bar, both of Ramirez's arguments fail on the merits.

**a. Ramirez's *Booker* Claim**

In *Booker*, a majority of the Supreme Court held that the federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment. *Booker*, 543 U.S. at 244. Thus, any fact, other than the fact of a prior conviction, "which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.*[2] Ramirez argues that his sentence must be reduced because *Booker* made unconstitutional this Court's use of relevant conduct information regarding his drug trafficking activities to increase his offense level under the sentencing guidelines.

Indeed, if the Supreme Court decides a case recognizing a new legal right, a federal prisoner seeking to assert that right will have one year from the decision within which to file his motion to vacate.[3] *Dodd v. United States*, 545 U.S. 353, 360 (2005). The federal prisoner may take advantage of that date *only if* the right is newly recognized and made retroactively applicable to cases on

---

[2] A different majority of the Court then excised certain statutory provisions that made the federal guidelines mandatory, thereby rendering the guidelines advisory only. *Booker*, 543 U.S. at 222.

[3] *Booker* was decided on January 12, 2005, and Ramirez filed this § 2255 motion on June 29, 2005—within a year of *Booker*. *Booker*, 543 U.S. 220; Dkt. No. 1.

collateral review. *Id.* at 358. The Fifth Circuit has ruled that the *Booker* line of cases is not retroactive on collateral review for purposes of post-conviction relief under § 2255. *United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005) ("*Booker* does not apply retroactively to initial § 2255 motions. . . we hold that *Booker* does not apply retroactively"). That is, prisoners challenging judgments that became final before January 12, 2005, may not claim relief pursuant to *Booker*. Because Ramirez's's conviction became final on January 23, 2002, the rule announced in *Booker* does not apply. Accordingly, Ramirez's's claim is not cognizable on collateral review by this § 2255 motion.

### b. Ramirez's *Crawford* Claim

Ramirez asserts that the Court's reliance on hearsay testimony regarding relevant conduct information to increase his offense level under the sentencing guidelines violated his right of confrontation under *Crawford v. Washington*, 541 U.S. 36 (2004). Ramirez's reliance on *Crawford* is erroneous for two reasons. First, the Supreme Court has held that its *Crawford* decision is not retroactive to cases already final on direct review. *Whorton v. Bockting*, 127 S.Ct. 1173, 1177 (2007). Second, even if *Crawford* were retroactively applicable, it would make no difference in this case. *Crawford* concerned testimonial hearsay that was introduced at trial, leaving open whether the Sixth Amendment right to confront witnesses applies similarly at sentencing. But the Fifth Circuit's precedent both before and after *Crawford* has rejected a confrontation right at sentencing. *U.S. v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006) ("[T]here is no *Crawford* violation when hearsay testimony is used at sentencing, rather than at trial."); *United States v. Navarro*, 169 F.3d 228, 236 (5th Cir.1999) ("[T]here is no Confrontation Clause right at sentencing . . . .").

Thus, Ramirez's claim that his sentence is unconstitutional in light of *Crawford* also fails.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" (COA). 28 U.S.C. § 2253(c)(1)(A). Although Ramirez has not yet filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious."). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029 (2003).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that reasonable jurists could not debate the denial of Ramirez's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, Ramirez is not entitled to a COA as to any of his claims.

## Conclusion

For the foregoing reasons, Ramirez's 28 U.S.C. § 2255 Motion is DENIED. The Court also DENIES Ramirez a Certificate of Appealability.

It is so ORDERED.

SIGNED on this 9th day of September, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE